IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAINER T. ROSE, | * | |
| APPELLANT, | * | |
| v. | * | Civil Action No. RDB-13-3592 |
| | | Bankr. No. 12-25471-RAG |
| SEAN T. LOGAN, | * | |
| APPELLEE. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

Appellant Rainer T. Rose ("Appellant") continues to seek relief from the sale of real property owned by the Debtor, Blackwater Enterprises, Inc.[1]  Specifically, Appellant, as a shareholder of the Debtor, has appealed this Court's Order from March 25, 2014 granting Trustee's Motion to Sell Debtor's Real Property to the United States Court of Appeals for the Fourth Circuit.  In the interim, Appellant has filed a Motion for Stay Pending Appeal and Waiver of Supersedeas Bond or Alternatively to Establish a Bond ("Motion to Stay") before this Court.  ECF No. 21.  For the following reasons, the Motion to Stay is DENIED.

## STANDARD OF REVIEW

The United States Court of Appeals for the Fourth Circuit has not recently opined on the standard for motions to stay pending appeal.  *See Ohio Valley Coalition, Inc. v. U.S. Army Corps of Engineers*, 890 F. Supp. 2d 688, 690 (S.D. W. Va. 2012).  The Court's decision in *Long v. Robinson*, 432 F.2d 977 (4th Cir. 1970), established a four factor sliding-scale test for courts

---

[1] The background facts that relate to the Appellant's claim against the Appellee are provided in this Court's Memorandum Opinion of March 24, 2014,  ECF No. 17, and the Bankruptcy Court's ruling of December 17, 2013, *In re Blackwater Enterprises, Inc.*, No 12-25471-RAG, 2013 WL 6628397, at *1-4 (Bkrtcy. D. Md., 2013).

to apply when considering motions to stay.  Until recently, courts varied little in applying the *Long* test because it so closely mirrored the analysis for granting a preliminary injunction laid out in *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1997).  However, the *Blackwelder* standard has been modified by the Fourth Circuit's opinion in *The Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342 (4th Cir. 2009).  Both a stay pending an appeal and preliminary injunctions are forms of preliminary equitable relief, and as such courts often regarded the two standards as anagolous.  *See Blackwelder Furniture Co. of Statesville, Inc.* 550 F.2d at 193 (4th Cir. 1997) (The four part test established in *Blackwelder* to grant preliminary injunctions evolved from the same "fourfold equitable rule of thumb" as the one laid out in *Long* for granting a stay pending appeal.).  However, after the United States Court of Appeals for the Fourth Circuit adopted a more rigid standard for granting preliminary injunctions in *The Real Truth About Obama* ("*Real Truth*"), 575 F.3d 342, the district courts in this circuit have considered stays pending appeal under both the *Long* test and the *Real Truth* test.

The *Long* Test

In assessing motions to stay, many courts still apply the less stringent *Long* test, which weighs the following four factors: "(1) that [the movant] will likely prevail on the merits of the appeal, (2) that [the movant] will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." *Long*, 432 F.2d at 979.  Some courts apply the four factors from *Long* on a sliding-scale and allow a stronger showing on some factors to make up for a weaker showing on others. *See Ohio Valley Coalition, Inc.*, 890 F. Supp. 2d 688, 690 ("[A]n

independent showing on each prong does not apply directly to stays pending appeal."
(citations omitted)); *In re Carroll*, No. 09-01177-8-JRL, 2012 WL 6115709, at *2 (Bankr.
E.D.N.C. Dec. 3, 2012) ("[T]he standard adopted by the Fourth Circuit for preliminary
injunctions, which requires an independent showing on each prong, does not apply to a
motion for stay pending appeal.").

In contrast, this Court and other courts in this circuit have held a movant must
demonstrate all four factors of the *Long* test. *See Combs v. FV-1, Inc.*, No. MJG-13-3734,
2013 WL 6662729, at *2 (D. Md. Dec. 16, 2013) ("[Movant] must satisfy each element for
relief"); *In re Harenberg*, 491 B.R. 706 (D. Md. 2013) ("The burden rests on the moving party
to establish each element."); *In re Carolina Park Associates, LLC*, No. 2:10-cv-1805-DCN,
2012 WL 2756945, at *2 (D. S.C. July 12, 2010) ("Failure to satisfy any of the four factors is
sufficient grounds to deny the requested stay.").

<u>*Real Truth* Standard</u>

Alternatively, because a preliminary injunction and stay pending an appeal are both
forms of preliminary equitable relief, this Court and other courts have applied the
preliminary injunction test established in *Real Truth* when considering a stay pending appeal.
*See Coler v. Draper*, No. WDQ-12-2020, 2012 WL 5267436, at *3 (D. Md. Oct. 23, 2012) ("In
the Fourth Circuit, the standard for a stay pending appeal of a bankruptcy court's decision is
that for a preliminary injunction."); *Davis v. Taylor*, No. 2:12-3208-RMG-BM, 2012 WL
6055452, at *3 (D. S.C. Nov. 16, 2012) (The district court applied the four factor *Real Truth*
test for a motion to stay pending an appeal). Under this standard, the movant must establish
each of the following four requirements: "[1] that he is likely to succeed on the merits, [2]

3

that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *The Real Truth About Obama, Inc.*, 575 F.3d 346.  Notably, three of the factors in the *Real Truth* test are substantially similar to those in the *Long* test.  However, factor three in the *Long* test requires the movant to show that the other party will not be "substantially harmed," while in the *Real Truth* test the movant must show that "the balance of equities tip in his favor." When reviewing the third factor of the *Real Truth* test, "courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (quoting *Amoco Production Co. v. Village of Gambell, Ak.*, 490 U.S. 531, 542 (1987)).

The *Real Truth* test is also more difficult to satisfy than the *Long* test because the movant must satisfy all four requirements.  *See In re Forest Grove*, 448 B.R. 729, 744 (Bankr. D. S.C. 2014) (deciding the movant must meet all four requirements of the preliminary injunction test in order to receive a stay pending an appeal); *CWCapital Asset Mgmt., LLC v. Burcam Capital II, LLC*, No. 5:13-CV-278-F, 2013 WL 3288092 (E.D.N.C. June 28, 2013) ("Now, the moving party must independently satisfy all four requirements for a preliminary injunction, and the district court should not balance the four factors").  Such a remedy is "extraordinary," and it should only be granted "upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

<u>ANALYSIS</u>

As the four factors under the *Long* test and the *Real Truth* test are markedly similar, this Court has examined each and determined that no factor weighs in the Appellant's

favor.[2]  As such, the Appellant satisfies neither the *Long* test nor the *Real Truth* test for a stay

pending appeal.

I. Likelihood of Success on the Merits

Appellant fails to establish that he would likely succeed on the merits of his appeal.

The Bankruptcy Court made multiple findings of fact that weigh in favor of the Appellee.

*See In re Blackwater Enterprises, Inc.*, No 12-25471-RAG, 2013 WL 6628397 (Bkrtcy. D. Md.,

2013).  This Court reviewed those findings on March 25, 2014 and found no error.  *See Rose*

*v. Logan*, No. RDB-13-3592, 2014 WL 1236008 (D. Md. March 25, 2014).  In the Motion to

Stay, the Appellant does little to counter those findings, but simply repeats the contentions

previously considered.  *See Van Wagner v. Atlas Tri-State SPE, LLC*, No. 3:11-CV-75, 2011

WL 10621664, at *5 (N.D. W.Va. Nov. 1, 2011) (using the *Real Truth* test and noting the

increased burden upon the moving party to satisfy the likelihood of success on the merits

element because the party had failed on the merits at the initial stage of the claim); *Lanier v.*

*Branch Bank & Trust*, No. 3:12-416-MBS-SVH, 2012 WL 667034, at *2 (D. S.C. Feb. 28,

2012) (applying the *Real Truth* test and discussing the unlikelihood of movants showing

success on the merits because the court had previously ruled adversely to them on the issues

at hand).

In addition, this Court found that Appellant did not have standing to bring an appeal,

and thus, Appellant will likely not succeed on the merits of an appeal in the Fourth Circuit

---

[2] Appellant argues for the Court to analyze this Motion under a sliding-scale *Long* test, *see* Appellant's Motion to Stay 12, ECF No. 21, while Appellee argues this Court use the *Real Truth* test, *see* Severn Savings Bank Response in Opposition 5, ECF No. 24.

based on this threshold question.  *See Rose*, 2014 WL 1236008, at *5-7.[3]  As such, the Appellant has proffered no argument that shows his likelihood of success on the merits of his appeal so as to justify this Court granting his Motion to Stay.  *See BDC Capital, Inc. v. Thoburn Ltd. P'ship*, 508 B.R. 633, 637 (E.D. Va. 2014) (applying the *Real Truth* test and determining that "in order to receive a stay pending appeal, [the movant] must make a *strong showing* that it would succeed on the merits on appeal." (emphasis added)).

## II. Irreparable Harm

Of course, Appellant may experience harm if the property in question is sold before an appeal, but this assertion alone does not establish *irreparable* harm.  Appellant insists the harm is irreparable because a sale prior to an appeal will render his appeal moot.  However, "'an appeal being rendered moot does not itself constitute irreparable injury.'" *BDC Capital, Inc.*, 508 B.R. at 639 (quoting *In re Shenandoah Realty Partners*, L.P., 248 B.R. 505, 510 (W.D.Va.2000)).  Alternatively, Appellant argues he will be without recourse on appeal if the sale moves forward.  *See* Appellant Mot. to Stay ¶ 39 ("Appellant seeks the optimized sale of a piece of real estate . . . should the stay not be granted here . . . Appellant would [sic] left with no recourse against the putative buyer.")  However, as this Court noted in its prior opinion, the Appellant had the opportunity to seek the requested recourse during the August 2, 2013 hearing.  *See Rose*, 2014 WL 1236008, at *8-10.  He could have objected to the sale and presented evidence that the contract for the sale was deficient, but he failed to take these appropriate actions to seek his requested recourse.  *See id.*  Accordingly, this Court will not

---

[3] While this Court ruled the Appellant did not have standing, it addressed the merits of the appeal as an alternative argument. *See Rose,* 2014 WL 1236008, at *7 ("In accordance with the weight of authority, this interest in the stock of the Debtor—even as the sole shareholder—is insufficient to confer standing to Appellant Rose.  However, in light of the fact that the Fourth Circuit has not definitively applied the shareholder standing doctrine to bankruptcy appeal cases, this Court will address the merits of Appellant's appeal as well.")

grant a stay when Appellant is the cause of the irreparable injury he is claiming.  *See Long v. Robinson*, 432 F.2d 977, 981 (4th Cir. 1970) ("[T]he principal irreparable injury which defendants claim that they will suffer if the order of the district court is not stayed is injury of their own making . . . It would seem elementary that a party may not claim equity in his own defaults."); *see also In re Blackwater Enterprises, Inc.*, 2013 WL 6628397, at *7 (discussing the findings of the Bankruptcy Court in this case that the Appellant is responsible for any injury he is claiming).

## III. Balance of the Equities or Injury to the Other Parties

As Appellant has proffered no harm that is irreparable, the balance weighs in the favor of the Appellee.  The court proceedings for the sale of the property in question have lasted for well over a year.  Granting a stay pending appeal will substantially injure the creditors because it will delay the payments owed to the creditors by the Appellant and Debtor.  Thus, the balance of equities falls with the Appellee, who needs to administer the estate and pay the creditors.  *See Long*, 432 F.2d at 981 (determining that the defendant could not prolong the sale any longer in the face of harming the other party).

## IV. Public Interest

Lastly, Appellant fails to establish that a stay pending appeal will serve the public interest.  In fact, Appellant sets forth only unfounded accusations against the Trustee's conduct during the sale, *See* Appellant Mot. to Stay ¶ 70,  and the inadequacy of the Bankruptcy Court's rulings to support his claim of a public interest in a stay, *see id.* ¶ 52.  The Appellant attempts to transform these personal stakes in the granting of a stay into a form of

public interest.  However, Appellant provides no justifiable assertion that a stay of the sale of the property is in the interest of the public.

In sum, Appellant has failed to establish any of the four factors required under either the *Long* test or the *Real Truth* test for granting a stay pending appeal, and thus, Appellant's Motion is denied.

<u>CONCLUSION AND ORDER:</u>

For the foregoing reasons, it is this 21st day of July 2014, hereby ORDERED that:

1.     Appellant's Motion for Stay Pending Appeal and Waiver of Supersedeas Bond or Alternatively to Establish a Bond (ECF No. 21) is DENIED; and

2.     The Clerk of the Court transmit copies of this Memorandum Opinion and Order to Counsel.

_____/s/_____
Richard D. Bennett
United States District Judge